## Case No. 16,119.

### UNITED STATES v. RANDALL.

[1 Spr. 546.] [1]

District Court, D. Massachusetts. March, 1853.

CUSTOMS LAWS—DUTY OF MASTER TO REPORT ARRIVAL—POWERS OF COLLECTORS.

1. By St. 1799, c. 22, § 36 [1 Stat. 655], the master of a vessel arriving from a foreign place, must repair to the office of the chief officer of the customs, and there make report to him.

2. The master is not in default, if there be no such office, or no person in attendance to receive the report.

3. An officer of the customs has no dispensing power, and cannot excuse any person for neglecting a statute duty.

4. But where that duty cannot be performed, by reason of the neglect of the officer to do, that which is a prerequisite, the statute is not violated.

[Cited in U. S. v. Curtis, 16 Fed. 189.]

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

This was an information for a penalty under the United States act of 1799 (chapter 22) filed by the district attorney for Massachusetts, against the master of the brig Nitheroy, for not making a report of the arrival of his vessel to the deputy collector of the port of Holmes' Hole, in accordance with the 36th section of the above act.

G. Lunt, U. S. Dist. Atty.
N. Morse, for defendant.

SPRAGUE, District Judge. The 24th and 30th sections of the act under which the information is filed, seem to contemplate the boarding officer and the chief officer of the customs at the port at which the vessel arrives, as two different persons. Here those offices were united in the same person. That person went on board of the vessel upon her arrival, was informed by the captain of the place from which she came, and the time of her arrival, was informed, by the captain, of the place fest, and made a certificate on the original; and it appeared that for thirty years last past, not more than one master in thirty had made any other report of arrival. An officer of the customs has no dispensing power, and cannot excuse a party from duties required by statute; but here the government were to do certain things, by their officer, before the act required could be performed by the master. The master was to repair to the office of the chief officer of the customs, and make report to him. The designating a place as his office, by the chief officer of the customs, and the presence of some one authorized to receive the report, were necessary before the master was required to repair to the office and there make report. Whether any one could be authorized to receive such report, except the chief officer, need not now be considered. It was, by the statute, left to the officer to designate the place at which such report should be made; and whenever he does so, and is present at that place, and actually receives the report, the master cannot be required to make it at any other place. It is in the power of the officer to change the place of his office at pleasure, or he may discontinue his office either for a long or a short time, or on a particular occasion; and if he actually transacts the business of receiving the report at any place within his district, it must be considered that such place has been adopted by him, and that he has discontinued or changed any other office which he may previously have had; so that he either has no office to which the master can then repair and make the report, or that his office, for that purpose, is at the place where he actually transacts the business by personally receiving the report. And especially must this be so, when that is the place where the officer has been in the practice of transacting this business for at least thirty years. That this would be true, if the two offices were held by different persons, and the dep-

uty collector should make it his invariable practice to go on board of every vessel, and there receive the report of her arrival, can hardly be doubted, whether he went at the same time with the inspector, or not. Nor does it make any difference that the deputy collector and inspector are united in the same person, and the business of both offices is transacted at the same time, viz., the receiving the report of the arrival, and the copy of the manifest and certifying the original. A penalty is claimed for not doing a vain and nugatory act. This claim the court will not sustain, unless compelled to do so by language in the statute, so clear, when applied to the subject-matter and the circumstances of the case, as to admit of no other fair and reasonable construction. The report which was actually made, accomplished all the purposes of the law, and a further report, merely of her arrival, would have been utterly useless. There was no violation of the statute, and no penalty incurred.